# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**CHRISTINE NORTON,**

**Plaintiff.**

**vs.**                                                             **Civ. Action No. 25-2247**

**K DIAMOND HOTELS, LLC,**
**D/B/A LAQUINTA INN & SUITES,**

**Defendant.**

_____

### DEFENDANT'S PETITION FOR REMOVAL TO FEDERAL COURT
_____

Defendant, K Diamond Hotels, LLC, d/b/a Laquinta Inn & Suites (hereinafter "Defendant"), through counsel, Amy K. Burma of the Law Office of Molly A. Walsh, pursuant to 28 U.S.C.A. § 1446, hereby removes the above referenced action from the District Court for the County of Arapaho, based on the following grounds:

1. The above action was filed in the Arapahoe County District Court, State of Colorado, Case No. 2025CV31545, and is now pending in that Court. Process, including a Summons and Complaint, was served on Defendant on July 2, 2025. (See, *Return of Service,* attached hereto as "**Exhibit A"** and *Complaint*, attached hereto as "**Exhibit B".**)

2. This Court has jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $100,000, exclusive of interest and costs.  Plaintiff, Christine Norton is an individual who resides at 18434 Cordoba Avenue, Port Charlotte, Florida 33954 and Defendant is a domestic corporation with a principal office street address of 4908 Southgate Drive, Billings, Montana 59101. No change of citizenship of the parties has occurred since the commencement of this action.

3. Removal is appropriate here because there is complete diversity between the parties. "For the purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006.)  At all relevant times, Plaintiff was a citizen of the State of Florida. (See **Exhibit B**, ¶ 1.)

4. Defendant is a domestic corporation in the State of Montana for purposes of diversity jurisdiction with a principal office street address of 4908 Southgate Drive, Billings, Montana 59101.

5. The underlying event for this case is an elevator incident involving Plaintiff on August 23, 2024. (See **Exhibit B**, ¶ 7; hereinafter "the Incident"). Plaintiff alleges that she was invitee in the incident with Defendant. (*Id*.)

6. According to Plaintiff's Complaint, she has incurred damages, and losses: non-economic damages for inconvenience, pain and suffering and loss of independence; physical impairment and disfigurement; and economic losses for medical and other health care, loss of essential services, and other expenses. (See **Exhibit B**, ¶ 25.)

7. When the complaint itself does not set forth the specific amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

8. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

9. A copy of the Civil Case Cover Sheet served on Defendant is attached hereto as "**Exhibit C**".

10. Plaintiff's Civil Case Cover Sheet indicates that she seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, "**Exhibit C**", District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).")

11. Once the facts have been established, uncertainty about whether Plaintiff can prove her substantive claim, and whether damages (if Plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

12. Jurisdiction of the Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

13. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing Notice of Removal from the District Court of Arapahoe County, Colorado, where the State Court case is currently pending.

14. The State Court case is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

15. This Petition for Removal to Federal Court is filed within thirty (30) days of service of the Complaint on Defendant on July 2, 2025, and is timely under 28 U.S.C. § 1446(b)(1).

16. Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

17. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Petition for Removal to Federal Court has been sent to all other parties in this action and has been filed with the State Court clerk's office. Within fourteen days of the filing of this Notice of Removal, Defendant will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply and brief. Copies of the state court Complaint, Civil Case Cover Sheet and any Answers or Returns of Service, or orders served upon Defendant are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Arapahoe County District Court to the United States District Court of Colorado.

Dated this 21st day of July, 2025.

Respectfully submitted,

LAW OFFICE OF MOLLY A. WALSH

 /s/ Amy K. Burma_____
Amy K. Burma No.: #43261
Attorney for Defendant

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I certify that on this 22nd day of July, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CASE NO. 2025CV31545 TO FEDERAL COURT** via CCEF upon all counsel of record.:

*/s/ Mary Weibel*

_____
*A copy of this filing will be maintained in accordance with C.R.C.P. 121 § 1-26(7).*