# EXHIBIT B

| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO | |
|---|---|
| Court Address: 7325 S. Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>June 30, 2025 10:46 AM<br>FILING ID: 6F329AD9384CC<br>CASE NUMBER: 2025CV31545 |
| Plaintiff: Christine Norton<br><br>v.<br><br><br>Defendant: K Diamond Hotels, LLC. DBA LaQuinta Inn & Suites | Δ **COURT USE ONLY** Δ |
| | Case No. |
| Attorney for Plaintiff: Christine Norton<br><br>Attorney: Alex Anderson, Esq. (60854)<br>Gorgy Alhasoon, Esq. (47505)<br>Name: The Gaiennie Law Office, LLC<br>Address: 3801 E Florida Avenue, Suite 100<br>Denver, Colorado 80210<br>Phone No.: (303)455-5030<br>Fax No.: (303)455-0805<br>E-mail: Alex@amyglaw.com<br>Gorgy@amyglaw.com | Division:<br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff Christine Norton, by and through counsel, The Gaiennie Law Office, LLC, and for her Complaint and Jury Demand against K Diamond Hotels, LLC. DBA LaQuinta Inn & Suites, states and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff Christine Norton ("Plaintiff") is a resident of the State of Florida residing at 18434 Cordoba Avenue, Port Charlotte, Florida 33954.

2. Upon information and belief, at all times relevant hereto, K Diamond Hotels, LLC DBA LaQuinta Inn & Suites, ("Defendant") owned the property where this incident took place. Defendant is a domestic corporation in good standing and they have a principal office street address of 4908 Southgate Dr., Billings, MT 59101. The Registered agent is as follows: Incorp Services, Inc., 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

3. The location where the incident took place is located at 1500 South Abilene Street, Aurora, Colorado 80012.

4. The torts complained of herein occurred in Arapahoe County, Colorado.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c), as this claim arises from an incident which occurred in Arapahoe County, State of Colorado.

6. This claim arises from an incident which occurred on August 23, 2024.

7. Plaintiff was pinned in a an elevator that would not open causing her to use all of her strength to push it open and avoid being smashed as it went up.

8. Plaintiff injured her right shoulder requiring surgery to her rotator cuff and also injured her arm, hand, elbow, and chest.

9. Defendant was negligent

10. Plaintiff was not negligent.

11. Plaintiff was injured as a result of the incident.

12. Plaintiff received medical treatment as a result of the incident.

13. As a direct, proximate, and foreseeable result of the negligence of the Defendant, Plaintiff suffered physical injuries; physical and emotional pain and suffering; loss of enjoyment of life; medical and doctor bills; loss of earnings.

**<u>FIRST CLAIM FOR RELIEF</u>**
**PREMISES LIABILITY**

14. Plaintiff hereby incorporates by reference all prior allegations set forth in her Complaint.

15. As the owner of the property and the entity legally responsible for the condition of the real property or circumstances existing on the real property, Defendant was, and at all relevant times, a "landowner" as defined in the Premises Liability Statute ("PLA"), C.R.S. § 13-21-115.

16. Plaintiff was/is an "invitee" of Defendant at the time of the August 23, 2024, incident, as defined by the PLA.

17. As a landowner responsible for the conditions existing on the property, Defendant had a duty of reasonable care under the PLA to protect invitees against dangerous conditions created by improper maintenance of which they knew or should have known.

18. Defendant breached its duty of reasonable care under the PLA proximately causing Plaintiff's injuries, damages, and losses; non-economic damages for inconvenience, pain and suffering and

loss of independence; physical impairment and disfigurement; and economic losses for medical and other health care, loss of essential services, and other expenses.

## SECOND CLAIM FOR RELIEF
## IN THE ALTERNATIVE – NEGLIGENCE

19. Plaintiff hereby incorporates by reference all prior allegations set forth in her Complaint.

20. If  Defendant claims to not be a landowner as defined by the PLA, then Plaintiff brings this claim for Negligence.

21. Defendant had a duty to inspect and maintain its property to keep it free from dangerous conditions.

22. Upon information and belief, Defendant failed to inspect and maintain its property to keep it free from dangerous conditions.

23. Defendant's negligence caused Plaintiff to suffer from this incident.

24. Plaintiff was injured from the incident.

25. Defendant breached its duty of reasonable care causing Plaintiff's injuries, damages, and losses; non-economic damages for inconvenience, pain and suffering and loss of independence; physical impairment and disfigurement; and economic losses for medical and other health care, loss of essential services, and other expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Judgment be entered against Defendant for a monetary sum, in an amount to be proven at trial;

B. Pre-judgment and post-judgment interest;

C. Costs of litigation, including expert witness fees; and

D. Such other and further relief as the court deems just and proper

Dated this 30th Day of June, 2025

Respectfully Submitted,

THE GAIENNIE LAW OFFICE, LLC

/s/ *Alex Anderson*

_____

Alex Anderson
ATTORNEY FOR PLAINTIFF


PLAINTIFF'S ADDRESS:

Christine Norton
18434 Cordoba Avenue
Port Charlotte, FL 33954